O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIMIENTO WATER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL FIDELITY INSURANCE CO. A New Jersey Corporation, <br><br> Defendant. | Case No. CV 13-07959 DDP (MRWx) <br><br> **ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS** <br><br> [Dkt. 54] |

Presently before the court is Cross-Defendant Oak Shores SPE, LLC's Motion to Expunge Lis Pendens. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.    Background**[1]

In 2003, Jonatkim Enterprises, the developer of a residential subdivision in San Luis Obispo County, entered into a contract with Plaintiff Nacimiento Water Company ("the Water Company"). Under

---

[1] The facts herein are drawn from the Complaint and from the Second Amended Counterclaim and Cross Complaint.

the contract (the "Water Contract"), the Water Company agreed to provide water service to the residential lots in exchange for payment of $5,000 per lot, to be paid within four years of the recordation of the subdivision's final tract map.  The contract also required the issuance of a $500,000 performance bond, which was issued by International Fidelity Insurance Company ("IFIC") on the developer's behalf.

Developer Jonatkim made a partial payment to the Water Company, but then transferred its interest in the subdivision to John and Carol King ("the Kings").  The Kings also assumed Jonatkim's obligations under the Water Contract, and obtained a surety bond from IFIC similar to that originally issued to Jonatkim.  The Kings also agreed to indemnify IFIC for any losses connected to the bond and agreed to assign to IFIC, in the event of a breach, all of their rights in the Water Contract.  The mortgage lender eventually foreclosed on the property, which was then obtained at a foreclosure sale by Movant Oak Shores SPE, LLC ("Oak Shores").[2]

In 2010, the Water Company notified IFIC that Jontakim and its successors had defaulted on the Water Contract.  The Water Company therefore demanded $305,000 pursuant to the IFIC performance bond. IFIC did not pay the Water Company, which then filed the instant suit to recover under the bond.[3]

---

[2] Oak Shores did not acquire the property until December 2013, after the filing of the Water Company's Complaint and IFIC's Cross-Claim.

[3] IFIC alleges that the amount at issue is $310,000.

IFIC filed a counterclaim and cross claim against the Water Company, Jonatkim, the Kings, and Oak Shores. IFIC, claiming subrogation rights to collect the $5,000 per lot, also filed a notice of lis pendens regarding the subdivision.[4] Oak Shores now moves to expunge the lis pendens.

## II. Legal Standard

Lis pendens matters are governed by state law. 28 U.S.C. § 1964. Under California law, "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Code Civ. P. § 405.20. A lis pendens "clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGC Assocs. LLC v. Superior Court, 75 Cal.App. 4th 952, 967 (1999).

Any party to an action, or nonparty with an interest in the real property affected by the lis pendens, may move to expunge a lis pendens. Cal. Code Civ. P. § 405.30. The court must grant a motion to expunge if (1) "the pleading on which the notice is based does not contain a real property claim," or (2) "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. P. §§ 405.31, 405.32..

///

///

///

---

[4] IFIC's Second Amended Counterclaim and Crossclaim alleges that IFIC shall have the right to recover under the water contract if it makes any payment to the Water Company. IFIC does not allege that it has made any such payment.

3

**III. Discussion**

    A.    Expungement

Oak Shores contends that IFIC has not brought any real property claims. It is IFIC's burden, as the party opposing the motion to expunge, to show the existence of a real property claim. Kirkeby, 33 Cal.4th 642, 647 (2004). The California Code of Civil Procedure defines a "real property claim" as "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public utility." Cal. Code. Civ. P. § 405.4.

IFIC argues, conclusorily, that "[i]t is plain that the IFIC's claim affects real property." (Opposition at 10:1.) IFIC suggests that because the Water Contract allows the Water Company to refuse to provide water to the subdivision, and that refusal would "impos[] restrictions on the use and subdivision of the real property in issue," IFIC has brought a "real property claim." It is unclear to the court, however, how a service contract such as the Water Contract has any bearing on title to the property or the right to possession of the property. While lack of water service would likely reduce the value of the property, lack of water in and of itself does not affect title to or right to possession of a property.

The cases cited by IFIC are inapposite. Cornbleth v. Allen, in which a notice of lis pendens was not at issue, held that an agreement limiting the uses of a property and providing for a reversionary interest was an instrument affecting title. Cornbleth

4

v. Allen, 80 Cal.App. 459, 463 (1926). In Barbieri v. Ongaro, another case not involving a lis pendens, the court held that a restrictive covenant running with the land affected real title, and was recordable. Barbieri v. Ongardo, 208 Cal.App.2d 753, 757 (1962); See also Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc., 171 Cal.App.4th 1356, 1372-3 (2009). While IFIC appears to suggest that lack of water service would limit the uses of the property at issue here, that practical limitation is not analogous to the restrictive covenants at issue in the cases IFIC cites. Because IFIC has not brought a real property claim, the lis pendens must be expunged.[5]

B. Attorney's Fees

The court must award reasonable attorney's fees and costs related to a motion to expunge a lis pendens to the prevailing party, unless the other "acted with substantial justification or . . . other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. P. § 405.38. Though this court disagrees with IFIC's contentions, is lis pendens does not appear to have been filed frivolously or in bad faith. Oak Shores' request for fees is, therefore, DENIED.

///
///
///

---

[5] Having so concluded, the court need not reach Oak Shores' additional arguments.

5

**IV. Conclusion**

   For the reasons stated above, Oak Shores' Motion to Expunge Lis Pendens is GRANTED.  The request for attorney's fees is DENIED.  **IT** IS SO ORDERED.

Dated: November 4, 2014

                                   HON. DEAN D. PREGERSON
                                   United States District Judge

6