O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIMIENTO WATER COMPANY, INC., ) | Case No. CV 13-07959 DDP (MRWx) |
| Plaintiff, ) | **ORDER GRANTING CROSS-DEFENDANT OAK SHORES SPE, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| v. ) | |
| INTERNATIONAL FIDELITY INSURANCE CO. A New Jersey Corporation, ) | [Dkt. 78] |
| ) | [TERM:OAK SHORES II SPE,LLC(ROE1)] |
| Defendants. ) | |

Presently before the court is Cross-Defendant Oak Shores SPE, LLC ("Oak Shores")'s Motion for Summary Judgment. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

In 2003, Jonatkim Enterprises, the developer of a residential subdivision in San Luis Obispo County, entered into a contract with Plaintiff Nacimiento Water Company ("the Water Company"). Under the contract (the "Water Contract"), the Water Company agreed to

provide water service to the residential lots in exchange for payment of $5,000 per lot, to be paid within four years of the recordation of the subdivision's final tract map.  The contract also required the issuance of a $500,000 performance bond, which was issued by Cross-Complainant International Fidelity Insurance Company ("IFIC") on the developer's behalf.

Developer Jonatkim made a partial payment to the Water Company, but then transferred its interest in the subdivision to John and Carol King ("the Kings").  The Kings also assumed Jonatkim's obligations under the Water Contract, and obtained a surety bond from IFIC similar to that originally issued to Jonatkim.  The Kings also agreed to indemnify IFIC for any losses connected to the bond and agreed to assign to IFIC, in the event of a breach, all of their rights under the Water Contract.  The Kings financed their purchase of the subdivision with a loan from Oak Shores' predecessor in interest.  The Deed of Trust securing the Kings' promissory note was amended several times, with the Kings ultimately borrowing over $15 million from Oak Shores' predecessor.

Oak Shores' predecessor also entered into a subordination agreement with the Kings, which stated that the Deed of Trust was subordinate to "those certain water supply facilities, utilities and water apparatus, easements and water rights to be conveyed" to the Water Company under the Water Contract.  (Oak Shores' Request for Judicial Notice, Exhibit M.)  The Water Company consented to the assignment under these terms.[1]  (Id.)

---

[1] The subordination agreement specified that the rights to be conveyed to the Water Company were set forth in Sections 3.01, 3.02, 3.03. 4.03, 4.04. 4.05, 4.06, and 4.07 of the Water Contract.
(continued...)

2

The Kings later defaulted on their loan. The mortgage lender eventually foreclosed on the subdivision, which Oak Shores then obtained via a Trustee's Sale.[2]

In 2010, the Water Company notified IFIC that Jonatkim and its successors had defaulted on the Water Contract. The Water Company therefore demanded $305,000 pursuant to the IFIC performance bond. IFIC did not pay the Water Company, which then filed the instant suit to recover under the bond.[3]

IFIC filed a counterclaim and cross claim against the Water Company, Jonatkim, the Kings, and Oak Shores. IFIC's Second Amended Counterclaim and Crossclaim alleges a single claim against Oak Shores for declaratory relief. Essentially, IFIC alleges that if it makes the bond payment to the Water Company, it shall be subrogated to the Water Company's rights to require Oak Shores to pay $5,000 per subdivision lot, and that that sum should be paid to IFIC as reimbursement, rather than to the Water Company. (Second Amended Counterclaim ¶ 54.) Oak Shores now moves for summary judgment.

**II. Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled

---

[1](...continued)

[2] Oak Shores did not acquire the property until December 2013, after the filing of the Water Company's Complaint and IFIC's Cross-Claim.

[3] IFIC alleges that the amount at issue is $310,000.

3

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson</u>, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 587 (1986). It is not the court's task "to scour the record in search of a genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275, 1278

(9th Cir.1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

IFIC's position regarding its declaratory judgment claim against Oak Shores is somewhat unclear. IFIC does not dispute that Oak Shores is not a party to the Water Contract. (Opposition at 2:4-5.) Nevertheless, IFIC asserts that the Water Contract binds all subdivision owners, presumably including Oak Shores. (Opp. at 3:1.) That assertion notwithstanding, IFIC is not seeking to enforce the Water Contract against Oak Shores, but rather "is seeking a declaration that when Oak Shores and/or any other property owners apply for and obtain water from [the Water Company] under the Water [] Contract, and IFIC has paid [the Water Company] the per-lot fee associated with same, Oak Shores and the other property owners must pay IFIC as the rightful and equitable subrogee of [the Water Company]." (Id. at 3:16-19.) IFIC's claim is predicated on the assumption, supported by some evidence, that Oak Shores will at some point obtain water service from the Water Company.

As an initial matter, though not addressed at length by the parties' memoranda, this court is not certain that a justiciable controversy exists between IFIC and Oak Shores. This court may not issue advisory opinions or entangle itself in abstract disagreements. See Thomas v. Anchorage Equal Rights Comm'n, 220

5

F.3d 1134, 1138 (9th Cir. 2000). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Fidelity and Guaranty Insurance Co. v. Centex Homes</u>, No. 14-CV-826-LJO, 2014 WL 5823048 at *4 (E.D. Cal. Nov. 10, 2014) (quoting <u>Texas v. United Statesu, 523 U.S. 296, 300</u> (1998)(internal quotations and citations omitted)).

    Here, IFIC's position is that <u>if</u> it pays the Water Company out of the IFIC performance bond, and <u>if</u> Oak Shores then comes to some independent agreement with the Water Company and <u>if</u> Oak Shores then pays the Water Company for water hookups, <u>then</u> IFIC should be entitled to those payments "in order to avoid an unfair and inequitable double payment to [the Water Company]." (Opp. at 18:3-4.) While Oak Shores does not dispute that it is engaged in negotiations with the Water Company, there is currently no contract between Oak Shores and the Water Company, and no guarantee that development of the subdivision will proceed or that Oak Shores will ever pay the Water Company anything. In the event that an agreement is eventually reached and infrastructure payments to the Water Company are contemplated or made, and presuming that IFIC actually pays the remainder of the bond funds to the Water Company prior to that point, IFIC may well have an equitable subrogation or indemnification claim against the Water Company and/or Oak Shores. <u>See generally</u> <u>Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.</u>, 710 F.3d 946, 957 (9th Cir. 2013). Because such a claim would depend on numerous unrealized contingencies, however, declaratory judgment would not be appropriate at this stage.

Furthermore, even if this dispute were ripe for adjudication, it is unclear to the court how IFIC could recover against Oak Shores at present. As discussed above, IFIC does not dispute that Oak Shores is not a party to the Water Contract. Thus, even if IFIC is subrogated to the Water Company's rights under the Water Contract, it cannot (and apparently does not) seek to enforce the Water Contract against Oak Shores. See Chubb, 710 F.3d at 957 ("An important limit to the right of subrogation is that it is a purely derivative right – meaning that the subrogee succeeds to rights no greater than those of the subrogor."); See also Fireman's Fund Ins. Co. v. Maryland Casualty Co., 65 Cal.App.4th 1279, 1290-1293 (1998).

## IV.  Conclusion

For the reasons stated above, Oak Shores' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: March 19, 2015

HON. DEAN D. PREGERSON
United States District Judge