1

2

3                                                            O

4

5                                                        NO JS-6

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  NACIMIENTO WATER COMPANY,      )  Case No. CV 13-07959 DDP (MRWx)
    INC.,                          )
12                                 )
                      Plaintiff,   )  **ORDER GRANTING DEFENDANT IFIC'S**
13                                 )  **MOTION FOR SUMMARY JUDGMENT**
          v.                       )
14                                 )  [DOCKET NUMBER 112]
    INTERNATIONAL FIDELITY         )
15  INSURANCE CO. A New Jersey     )
    Corporation,                   )
16                                 )
                      Defendant.   )
17                                 )
    _____    )
18

19        Presently before the court is Defendant International Fidelity

20  Insurance Company ("IFIC" or "the Surety")'s Motion for Summary

21  Judgment. Having considered the submissions of the parties and

22  heard oral argument, the court grants the motion and adopts the

23  following order.

24  **I. Background**

25        The facts of the case are not in dispute. In 2003, Jonatkim

26  Enterprises, the developer of a residential subdivision in San

27  Luis Obispo County, entered into a contract with

28  Plaintiff Nacimiento Water Company ("the Water Company"). The

contract required Jonatkim to pay the Water Company $5,000 per lot for water hookups, to be paid within four years of the recordation of the subdivision's final tract map. The final tract map was recorded on October 7, 2003. The contract also required the issuance of a $500,000 performance bond, which was issued by Cross-Complainant International Fidelity Insurance Company ("IFIC") on the developer's behalf. Jonatkim made a partial payment to the Water Company, but then transferred its interest in the subdivision to John and Carol King ("the Kings"). The Kings also assumed Jonatkim's obligations under the Water Contract and obtained a surety bond ("the Water Bond") from IFIC similar to that originally issued to Jonatkim. The Kings also agreed to indemnify IFIC for any losses connected to the Water Bond and agreed to assign to IFIC, in the event of a breach, all of their rights under the Water Contract.

The Kings later defaulted on their loan and lost the subdivision to foreclosure. In 2010, the Water Company notified IFIC that Jonatkim and its successors had defaulted on the Water Contract. The Water Company therefore demanded $305,000 pursuant to the IFIC performance bond. IFIC did not pay the Water Company, which then, in May 2013, filed the instant suit to recover under the bond. IFIC, in turn, filed a counterclaim seeking, in part, indemnification from the Kings for the Water Company's claim under the Water Bond. The Water Company entered into an agreement with IFIC to toll any statute of limitations, but did not enter into any such agreement with the Kings.

The Kings brought a Motion for Summary judgment on IFIC's counterclaim. This court concluded that because the Water

1  Company's claim against the Kings was time-barred, IFIC's
2  indemnification counterclaim against the Kings was no longer
3  viable, and granted the motion in that respect.

4  IFIC now moves for summary judgment on the Water Company's
5  indemnification claim under the Water Bond, arguing that because
6  there is no longer a viable claim against the Kings, the Water
7  Company can no longer bring a claim against IFIC either.

8  **II. Legal Standard**

9      Summary judgment is appropriate where the pleadings,
10 depositions, answers to interrogatories, and admissions on file,
11 together with the affidavits, if any, show "that there is no
12 genuine dispute as to any material fact and the movant is entitled
13 to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party
14 seeking summary judgment bears the initial burden of informing the
15 court of the basis for its motion and of identifying those portions
16 of the pleadings and discovery responses that demonstrate the
17 absence of a genuine issue of material fact. See Celotex Corp. v.
18 Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from
19 the evidence must be drawn in favor of the nonmoving party. See
20 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the
21 moving party does not bear the burden of proof at trial, it is
22 entitled to summary judgment if it can demonstrate that "there is
23 an absence of evidence to support the nonmoving party's case."
24 Celotex, 477 U.S. at 323.

25     Once the moving party meets its burden, the burden shifts to
26 the nonmoving party opposing the motion, who must "set forth
27 specific facts showing that there is a genuine issue for trial."
28 Anderson, 477 U.S. at 256. Summary judgment is warranted if a party

1   "fails to make a showing sufficient to establish the existence of
2   an element essential to that party's case, and on which that party
3   will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.
4   A genuine issue exists if "the evidence is such that a reasonable
5   jury could return a verdict for the nonmoving party," and material
6   facts are those "that might affect the outcome of the suit under
7   the governing law." <u>Anderson</u>, 477 U.S. at 248. There is no genuine
8   issue of fact "[w]here the record taken as a whole could not lead a
9   rational trier of fact to find for the nonmoving party." <u>Matsushita</u>
10  <u>Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

11       It is not the court's task "to scour the record in search of a
12  genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275, 1278
13  (9th Cir.1996). Counsel has an obligation to lay out their support
14  clearly. <u>Carmen v. San Francisco Sch. Dist.</u>, 237 F.3d 1026, 1031
15  (9th Cir.2001). The court "need not examine the entire file for
16  evidence establishing a genuine issue of fact, where the evidence
17  is not set forth in the opposition papers with adequate references
18  so that it could conveniently be found." <u>Id.</u>

**III. Discussion**

19

20       There is no dispute that payment under the Water Contract
21  was due by October 7, 2007. Any breach of contract claim the
22  Water Company had against the Kings therefore expired on October
23  7, 2011. Cal. Code Civ. Pro. § 337. Under the California Code of
24  Civil Procedure, "[i]f the obligations under a surety bond are
25  conditioned upon performance of the principal, the expiration of
26  the statute of limitations with respect to the obligations of the
27  principal, other than the obligations of the principal under the
28  bond, shall also bar an action against the principal or surety

4

under the bond . . . ."  Cal. Code Civ. Pro. § 359.5.  As this
court concluded in granting summary judgment to the Kings on IFIC's
indemnification claim, IFIC could not seek indemnification from the
Kings for losses related to the Water Company's claim under the
Water Bond because, due to the expiration of the statute of
limitations, the Water Company itself had no recourse against the
Kings.

IFIC now argues that the Water Company's claim against IFIC,
the surety, is similarly barred by Section 359.5. The Water
Company responds that IFIC did not adequately raise a Section
359.5 defense in its Answer. The Water Company further contends
that the tolling agreement with IFIC preserves its claim against
IFIC.  Although the underlying the claim against the Kings has
expired, the Water Company contends, it would be
inequitable to apply Section 359.5 to the Water Company's
claim against the surety just because it did not also enter into
a tolling agreement with the insolvent principals.

Although the court is sympathetic to Plaintiff's frustrations,
its arguments are not persuasive. Plaintiff is correct that IFIC's
answer did not specifically refer to Section 359.5. Putting aside
IFIC's Tenth Affirmative Defense regarding applicable statutes of
limitations as inconsistent with the tolling agreement, the
Eleventh Affirmative Defense adequately put the Water Company on
notice that the Kings' underlying liability might be an issue in
this case. Indeed, the affirmative defense included the language of
California Civil Code Section 2809, which states that "[t]he
obligation of a surety must be neither larger in amount nor in
other respects more burdensome than that of the principal . . . ."

1   Cal. Civ. Code § 2809. The obligation of the principal was squarely

2   at issue in the Kings' summary judgment motion, to which the Water

3   Company did not respond.

4       Nor is the court persuaded that application of the Civil

5   Procedure Code Section 359.5 bar would prejudice the Water

6   Company. As IFIC highlights, and as discussed during prior

7   hearings, there appears to be little doubt that the Water Company

8   will recover its water hookup fee from whatever developer

9   ultimately sees the residential project to its fruition.  Because,

10  however, its claim against the Kings has expired, the Water Company

11  cannot pursue a claim against the Kings' surety under the Water

12  Bond.

13  **IV. Conclusion**

14      For the reasons stated above, IFIC's Motion for Summary

15  Judgment is GRANTED.

16

17

18  IT IS SO ORDERED.

19  Dated: July 28, 2015

20                              HON. DEAN D. PREGERSON
                                United States District Judge

21

22

23

24

25

26

27

28